UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 73.198.233.48,<br><br>Defendant. | Civil Action No.<br><br>18-2549 (SDW) (LDW) |

### ORDER ON MOTION FOR LEAVE TO SERVE A
### THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE

**THIS MATTER** comes before the Court by way of Plaintiff's unopposed Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference (ECF No. 6), and the Court having considered Plaintiff's submissions, and for good cause shown,

**IT IS on this 4th day of April 2018, ORDERED THAT:**

1. Plaintiff may serve Comcast Cable Communications, LLC (hereinafter the "Internet Service Provider" or "ISP") with a subpoena pursuant to Federal Rule of Civil Procedure 45 commanding the ISP to provide Plaintiff with **only** the name and address of the Defendant to whom the ISP assigned an IP address as set forth on the Exhibits to the Complaint. Under no circumstances is Plaintiff permitted to seek or obtain that subscriber's telephone number or email address.[1]

---

[1] This ruling is consistent with the decisions of other courts within this District for motions requesting similar relief. *See Malibu Media, LLC v. Doe*, Civ. A. No. 14-3945 (MAS)(DEA), 2015 WL 3795716, at *1, 2015 U.S. Dist. LEXIS 79005, at *3 (D.N.J. June 18, 2015) ("[T]he Court's Order only allowed Plaintiff to serve Comcast with a subpoena seeking the name and address of Plaintiff and stated that '[u]nder no circumstances is Plaintiff allowed to seek or obtain [Defendant's] telephone number(s) or email address(es).'" (second and third alterations in

2. Plaintiff shall attach a copy of this Order to the subpoena.

3. Plaintiff may use the information disclosed in response to a Rule 45 subpoena served on the ISP in this litigation only for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

4. Plaintiff shall be prepared to provide copies of the responsive information to any defendant who enters an appearance in this case.[2]

5. The Clerk of the Court is directed to terminate the aforementioned motion (ECF No. 6) accordingly.

*/s/ Leda D. Wettre*
**LEDA DUNN WETTRE**
**United States Magistrate Judge**

---

original)); *Plastic the Movie Ltd. v. Doe*, Civ. A. No. 2:15-02476-SDW-SCM, 2015 WL 2159287, at *2, 2015 U.S. Dist. LEXIS 59643, at *4-5 (D.N.J. May 6, 2015) (noting that the District of New Jersey has generally limited these types of subpoenas to demanding only information "absolutely necessary to allow [a plaintiff] to continue prosecuting its claims, i.e., only the defendant's name and address"); *Malibu Media, LLC v. Doe*, Civ. A. No. 15-88 (KM)(MAH), 2015 WL 892980, at *3, 2015 U.S. Dist. LEXIS 24918, at *7 (D.N.J. Mar. 2, 2015) (permitting the plaintiff to serve the pertinent ISP "a subpoena pursuant to Federal Rule of Civil Procedure 45 that is limited to obtaining the name and address of the subscriber," but explicitly precluding the plaintiff from seeking "the subscriber's telephone number(s), email address(es), or MAC addresses"); *Good Man Prods., Inc. v. Doe*, Civ. A. No. 14-7906 (ES)(MAH), 2015 WL 892941, at *3, 2015 U.S. Dist. LEXIS 24724, at *7 (D.N.J. Mar. 2, 2015) (same); *Malibu Media, LLC v. Doe*, Civ. A. No. 14-6978 (KM)(MAH), 2015 WL 1432507, at *3, 2015 U.S. Dist. LEXIS 24933, at *6-7 (D.N.J. Mar. 2, 2015) (same).

[2] If Plaintiff seeks leave to file an Amended Complaint naming a specific defendant, it shall ensure it has a factual basis for the assertion that the proposed defendant engaged in the alleged infringement. By permitting this discovery, the Court is not finding that Plaintiff may rely solely on the subscriber's affiliation with the IP address in question as the basis for its claims.

2